# Freking Myers & Reul

ADVOCATES FOR WORKING PEOPLE

Katherine Daughtrey Neff
513-592-2319
kneff@fmr.law

**Freking Myers & Reul LLC**
www.fmr.law

Randolph H. Freking¹
Kelly Mulloy Myers²
George M. Reul, Jr.
Mark W. Napier³
Charles T. McGinnis, III
Jon B. Allison
Katherine Daughtrey Neff
Laura Welles Wilson
Erin M. Heidrich³
Elizabeth Asbury Newman

Of Counsel:
Jeffrey M. Betz⁴
Carrie Atkins Barron
Sheila M. Smith
Brian P. Gillan
John P. Concannon

Dayton Office:
Jeffrey M. Silverstein

¹ Admitted in Colorado, Kentucky, and Ohio
² Admitted in Indiana, Illinois, and Ohio
³ Admitted in Kentucky and Ohio
⁴ Admitted in Colorado

**Cincinnati**
600 Vine Street, Ninth Floor
Cincinnati, Ohio 45202
(513) 721-1975  Office
(513) 651-2570  Fax

**Dayton**
One Elizabeth Place, Suite 220
Dayton, Ohio 45417
(937) 228-3731

**Denver**
999 18th Street, Suite 3000
Denver, Colorado 80202
(303) 357-2355

March 28, 2018

**VIA ELECTRONIC MAIL**
(*william.ford@cchmc.org*)

William W. Ford, III
Senior Counsel
Cincinnati Children's Hospital Medical Center
3333 Burnet Avenue
Cincinnati, OH  45229-3039

Re:   Charles Mehlman, D.O., M.P.H.; Response to PIP;
      Response to Privilege Issue

Dear Bill:

As you are aware, we represent Dr. Charles Mehlman, who is a witness to the behaviors engaged in by CCHMC's former employee Abubaker Atiq Durrani, MD, which are the subject of hundreds of medical malpractice actions currently pending. In addition to witnessing Dr. Durrani's actions beginning in 2006, Dr. Mehlman repeatedly registered his serious concerns about Dr. Durrani's practices to the Division Director as well as others in positions of power within CCHMC.  For over a year after Dr. Mehlman first raised his concerns, CCHMC permitted Dr. Durrani to continue treating patients, including performing experimental surgical procedures on children before it finally let him go while still permitting Dr. Durrani to treat CCHMC patients in his private practice.

We are concerned that CCHMC has taken retaliatory actions against Dr. Mehlman, coinciding with his interviews with federal investigators and with CCHMC's counsel, and escalating to a threatened PIP now that the plaintiffs have received an Order from Judge Schweikert, ordering CCHMC to produce Dr. Mehlman for his deposition.

Although Dr. Mehlman had worked for CCHMC for fourteen years without incident, in October of 2012, the Professional Practice Evaluation Committee ("PPEC") raised concerns, for the first time, of Dr. Mehlman's behavior.  Dr. Mehlman discussed the concerns with PPEC, requested that the Committee reach out to several individuals with whom Dr. Mehlman has worked with for years, but ultimately agreed to undergo treatment with a psychologist regarding his alleged anger issues.  Dr. Mehlman did not hear anything else from PPEC about these issues.

March 28, 2018
Page 2

In May 2013, Dr. Mehlman was contacted by Special Agent Ryan Houston from HHS regarding the federal investigation into Dr. Durrani. Dr. Mehlman met with federal agents, with Kathy Brinkman and CCHMC counsel present, to discuss his observations of Dr. Durrani. On July 22, 2013 Dr. Durrani was criminally charged for his actions in U.S. District Court. As you know, Durrani fled the country shortly thereafter and he remains on the "Most Wanted List." Less than two weeks later, Fred Ryckman and Peter Sturm met with Dr. Mehlman and accused him of engaging in "abusive conversations, demeaning comments, and insulting comments" with orthopedic and urology OR staff. Ryckman provided Dr. Mehlman with a memorandum regarding the discussion. Dr. Mehlman explained why the charges were fabricated. Ryckman documented the conversation and his explanation. Five days later, on August 12, 2013, PPEC members Ellis Arjmand and Dan Von Allman met with Dr. Mehlman regarding the same allegations. On August 22, 2013, PPEC also submitted a memorandum to Dr. Mehlman's file.

Hundreds of suits have been filed against Dr. Durrani, over 80 of which were also filed against CCHMC. Since that time the reprimands against Dr. Mehlman from PPEC have increased. On January 15, 2015, Dr. Mehlman received a reprimand from PPEC regarding a Patient and Family Relations survey in which Dr. Mehlman received three or more criticisms. On July 13, 2016, Drs. Charles Stevenson and Russel Hirsch from PPEC, met with Dr. Mehlman to discuss allegations from something that happened approximately seven weeks prior on May 31, 2016. Dr. Mehlman addressed the allegations on August 26, 2016. Over two months later, on October 7, 2016, PPEC submitted a letter to Dr. Mehlman's file relating to the May 31, 2016 incident. This time; however, PPEC threatened to suspend Dr. Mehlman if he did not meet with the job coach they selected for him.

CCHMC has escalated its behavior toward Dr. Mehlman now that his deposition is imminent. On Friday, March 23, 2018, PPEC placed Dr. Mehlman on a PIP and threatened to refer its concerns to the Medical Executive Committee if Dr. Mehlman does not cooperate. Considering that Dr. Mehlman had addressed the two family concerns, which were not due to anything Dr. Mehlman had communicated or with his standard of care, PPEC's insistence that Dr. Mehlman be placed on a PIP is unjustified.

Dr. Mehlman addressed the concerns on January 11 to then PPEC co-chairs Drs. Ruddy and Breech. Most importantly, he was surprised at the false accusations about this behavior since he had not faced similar allegations during his 20 year career.

With respect to the "Liberty" issue of professionals claiming they were hesitant to call him, he is happy to have a discussion with them and decrease the distance/increase the familiarity with them.

With respect to the lack of education/gaps among Liberty Medical Staff understanding of pediatric orthopaedic emergencies, Dr. Mehlman is willing to give a series of lectures to them or chair round table discussions.

Finally, Dr. Mehlman is willing meet with appropriate officials to discuss the PIP.

March 28, 2018
Page 3

In light of the fact that Dr. Mehlman recently met with CCHMC's counsel regarding his testimony and hired his own counsel to defend him at his deposition, PPEC's escalation of these "concerns" appears clearly retaliatory.

PPEC has requested that Dr. Mehlman respond with his decision of whether to accept the PIP within 7 days. We request that you extend this deadline while you review this counter proposal. We will assume the deadline has been extended unless we hear from you by the close of business tomorrow.

Finally, with respect to the privilege issue, we request that Dr. Mehlman not be required to sign it without further discussion as to whether that agreement impacts his testimony. We believe a number of deposition questions are fair game.

Sincerely,

Katherine Daughtrey Neff

Randolph H. Freking

KDN/RHF/klp
cc: Dr. Charles Mehlman (via email)