# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHARLES T. MEHLMAN,<br>Plaintiff,<br><br>vs.<br><br>CINCINNATI CHILDREN'S HOSPITAL<br>MEDICAL CENTER, et al.,<br>Defendants. | Case No. 1:20-cv-813<br>Dlott, J.<br>Litkovitz, M.J.<br><br><br>ORDER |

This matter is before the Court on the motion to seal certain pleadings (Doc. 29) filed by defendants Cincinnati Children's Hospital Medical Center (CCHMC), Richard M. Ruddy, M.D., and Daniel von Allmen, M.D. (collectively, defendants). Plaintiff did not respond to the motion.

## I.     Background

Plaintiff, a pediatric orthopedic surgeon, initiated this lawsuit, which stems from the September 2020 suspension of his CCHMC privileges. Defendants moved to dismiss plaintiff's complaint, which the district judge granted except as to part of plaintiff's breach of contract claim and his tortious interference with business relationship claim. (*See* Docs. 15, 20). This conclusion rested in part on the undersigned's conclusion that it was too early in the proceedings to determine whether and to what extent defendants have immunity under federal (42 U.S.C. § 11101 *et seq.*) and/or state law (Ohio Rev. Code § 2305.251(A)). (*See* Doc. 15 at PAGEID 305-10).

Defendants are now prepared to move for summary judgment on the immunity question. In the pending motion to seal, defendants request that all memoranda, attachments, and exhibits filed in support of and contra this summary judgment motion be placed under seal upon filing with the Court. (Doc. 29 at PAGEID 449).

II.   **Standard of Review**

Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its disposition. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

### III. Analysis

Defendants seek a blanket order sealing all of the memoranda, attachments, and exhibits filed in support of and contra their forthcoming motion for summary judgment on the immunity question. They rely on Ohio's peer review statute, which states:

> *Proceedings and records within the scope of a peer review committee of a health care entity shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care entity or health care provider*, including both individuals who provide health care and entities that provide health care, arising out of matters that are the subject of evaluation and review by the peer review committee. No individual who attends a meeting of a peer review committee, serves as a member of a peer review committee, works for or on behalf of a peer review committee, or provides information to a peer review committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the peer review committee or as to any finding, recommendation, evaluation, opinion, or other action of the committee or a member thereof.

Ohio Rev. Code § 2305.252(A) (emphasis added). They also argue that the policy behind the federal peer review statute favors confidentiality. (Doc. 29 at PAGEID 448) (citing 42 U.S.C. § 11101 ("(5) There is an overriding national need to provide incentive and protection for physicians engaging in effective professional peer review.") and *LeMasters v. Christ Hosp.*, 791 F. Supp. 188, 192 (S.D. Ohio 1991) ("[B]ecause the peer review information produced should

3

remain as confidential as possible, this Court hereby imposes a protective order requiring the plaintiff to maintain the confidentiality of the information produced except as needed for purposes of this litigation.")).

Ohio Revised Code § 2305.252(A) does not trump the requirements of *Shane Group*; rather, it is a consideration in the *Shane Group* analysis. *See Thomas v. Nationwide Children's Hosp., Inc.*, No. 2:14-cv-1236, 2018 WL 1512908, at *6 (S.D. Ohio Mar. 27, 2018) (discussing Ohio Rev. Code § 2305.252 as implicating certain factors in the *Shane Group* analysis—a recognized privilege and third party confidentiality interests). The Court appreciates defendants' general argument—that the summary judgment briefing will involve peer review proceedings and, for peer review to be effective, these proceedings must be kept confidential. It is not the Court's prerogative to assume, however, that the entirety of every document filed in connection with the parties' briefs on this issue must be sealed. To do so would reflect consideration of only the first of the three *Shane Group* factors. *See Kondash*, 767 F. App'x at 637. As the parties seeking to seal these documents, defendants carry the heavy burden of overcoming the presumption of openness document-by-document with reference to specific reasons and/or legal citations. *Shane Grp.*, 825 F.3d at 305-06. Defendants' motion must be sufficiently specific to allow the Court to, in turn, set forth specific findings and conclusions justifying the sealing of each document—regardless of whether plaintiff objects. *Id.* at 306.

Defendants' motion to seal is therefore **DENIED** subject to reconsideration upon the submission of a motion(s) consistent with the law summarized above.

**IT IS SO ORDERED**.

Date: 12/16/2021

Karen L. Litkovitz
United States Magistrate Judge

4