# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHARLES T. MEHLMAN,<br>    Plaintiff, | Case No. 1:20-cv-813<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| CINCINNATI CHILDREN'S HOSPITAL<br>MEDICAL CENTER, et al.,<br>    Defendants. | **ORDER** |

This matter is before the Court on the motion to reconsider the Court's order denying the motion to seal (*see* Docs. 29, 31) filed by defendants Cincinnati Children's Hospital Medical Center (CCHMC), Richard M. Ruddy, M.D., and Daniel von Allmen, M.D. (collectively, defendants). (Doc. 32). Plaintiff did not respond to the underlying motion to seal or defendants' motion to reconsider.

The Court described the background to defendants' motion to seal and standard of review in its prior order and will not restate it here. (*See* Doc. 31 at PAGEID 466-68). Defendants' motion to reconsider sets forth five specific documents that it requests the Court to seal: their motion for summary judgment and memorandum in support, their statement of proposed undisputed facts, two affidavits from individuals on two peer review committees related to plaintiff's claims, and an affidavit from the director of the Professional Practice Evaluation Committee with plaintiff's peer review file attached. (*See* Doc. 32 at PAGEID 474-75). Defendants also discuss each of the three factors relevant to sealing court documents in the Sixth Circuit: the compelling interest in sealing the records, the public's interest in accessing the records, and the scope of their request. (*Id.* at PAGEID 473-74). *See Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). Defendants finally request that any order granting their motion to seal contain the following language:

> If either [d]efendants or [p]laintiff seek to file any document(s) which contains information regarding the proceedings or records within the scope of a peer review committee of a health care entity, they must file the document(s) under seal. Additionally, the document(s) will be designated as Confidential under the Stipulated Protective Order to be[1] entered by this Court.

(*Id.* at PAGEID 476).

The Court is persuaded that the three affidavits identified by defendants should be sealed. The Court understands that the contents of each would fall entirely within the state-law peer-review privilege (Ohio Rev. Code § 2305.252(A)) applicable to plaintiff's remaining state law claims. A full seal of these documents is therefore appropriate, as opposed to redaction. The Court agrees that the compelling interest in sealing these documents (effective peer review) outweighs the public's interest in access.

Defendants rely on *Holland v. Upper Valley Med. Ctr.*, No. 3:07-cv-212 (S.D. Ohio Jan. 24, 2008) (Rice, J.) for their position that it is appropriate to impose a blanket seal of their motion for summary judgment, supporting memorandum and statement of proposed undisputed facts, and future unidentified filings (responsive or otherwise) concerning peer review by a health care entity. (*See* Doc. 32 at PAGEID 473). *Holland*, however, predates *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), and defendants have not directed the Court to a post-*Shane Grp.* case endorsing such an approach.

Without reviewing defendants' motion for summary judgment and supporting memorandum and facts (let alone plaintiff's response or other "to-be-determined" filings), the Court finds that it is unable to determine whether a blanket seal of such filings is consistent with the Sixth Circuit's directives in *Shane Grp.* The Court accordingly concludes that these filings should be submitted to the Court for *in camera* review and potential redaction as opposed to full sealing. While this

---

[1] The Court entered the contemplated Stipulated Protective Order on January 8, 2022. (Doc. 34).

2

approach is more burdensome, it is also more consistent with the presumption of openness articulated, and document-by-document analysis required, by *Shane Grp. Id.* at 305-06.

Defendants' motion to reconsider (Doc. 32) is therefore **GRANTED IN PART** as follows:

1. Exhibits 1-3 to defendants' forthcoming motion for summary judgment will be **SEALED**.

2. The forthcoming motion for summary judgment itself, as well as its supporting memorandum and statement of proposed undisputed facts and any other filings related or in response to this motion, shall be submitted to the Court via email at Litkovitz_Chambers@ohsd.uscourts.gov for *in camera* review of whether redaction or full seal is warranted.

   **IT IS SO ORDERED**.

Date: 1/18/2022

Karen L. Litkovitz
United States Magistrate Judge